IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ALBERT L. MITCHNER,

                    Plaintiff,

          v.                          CASE NO.  07-3173-SAC

WARDEN JAY SHELTON,
et al.,

                    Defendants.

O R D E R

     This civil rights complaint, 42 U.S.C. 1983, was filed by an
inmate of the Norton Correctional Facility (NCF).  Defendants are
NCF Warden Shelton, Deputy Warden Hrabe, Unit Team Counselor
Brungardt, and Sex Offender Treatment Facilitator Medlock.

     Plaintiff complains that (1) he was coerced into participating
in and wrongfully terminated from a Sex Offender Treatment Program
(SOTP); (2) unconstitutionally transferred while he was under
doctors' care and restrictions for various health problems; and (3)
impeded in his efforts to exhaust administrative remedies to block
his access to the courts.  He seeks "nominal damage" for violation
of his rights as well as compensatory damages for physical harm to
his body and mental and emotional stress[1].


MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES

     Plaintiff has filed a motion for leave to proceed in forma
pauperis without prepayment of fees, but has not included the

_____
     [1]
     42 U.S.C. § 1997e(e) prohibits claims for emotional injury
without prior showing of physical injury.  Plaintiff has alleged no
physical injury.

supporting documentation required by statute.  28 U.S.C. § 1915 provides that a prisoner seeking to bring a civil action without prepayment of fees must submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2).  Plaintiff has submitted a form affidavit, but has not attached a certified account statement as instructed on the form and in the statute.  Plaintiff will be given time to submit the account information required by statute. This action may not proceed until he has satisfied the statutory requirements for proceeding under Section 1915(a), and may be dismissed without further notice if he fails to comply with this Order.

## SCREENING

Because Mr. Mitchner is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons which follow.  Plaintiff will be given time to show cause why this action should not be dismissed.

## LACK OF PERSONAL PARTICIPATION

Plaintiff generally alleges he has "been done very wrong

through (his) entire stay at the Kansas Department of Corrections"
(KDOC), and complains of several alleged wrongs. He fails, however,
to adequately describe the acts or inactions of each defendant,
which would entitle him to recover from him or her the money damages
he seeks. The plaintiff in a civil rights action must allege facts
showing the personal participation of each named defendant in the
actions or inactions he alleges violated his constitutional rights.
In his complaint, plaintiff names only NCF employees as defendants,
yet he alleges he was confined at places other than NCF during the
times most of his claims arose. For example, his claims regarding
grievances, the "Air-Mark" supervisor, and the dentist, which arose
at the Hutchinson Correctional Facility, and any claims that arose
at the Lansing Correctional Facility, presumably involved employees
at those facilities rather than the named defendants. Plaintiff
cannot recover from officials at NCF for actions taken by prison
employees elsewhere.

## PROBLEMS WITH ADMINISTRATIVE GRIEVANCES

Plaintiff generally alleges he has had problems with grievances
at all three KDOC facilities, and that Kansas statutes and
regulations have been violated. He generally claims "staff, unit
teams, and wardens" made it impossible for him to properly file
prison administrative grievances in an effort to block him from
getting his grievances into the court system[2]. He supports these

---

[2]

Plaintiff attaches to his complaint a partial copy of the
opinion of the Kansas Court of Appeals (KCOA) and a copy of his
Petition for Review filed in a state habeas action brought by him
pursuant to K.S.A. 60-1501. In the KCOA opinion, the court found
Mitchner filed a grievance at NCF claiming he could not perform

general statements by alleging in his complaint that at HCF he attempted to file grievances against the "Air-Mark Supervisor" for age discrimination and the dentist for negligent tooth extraction, and that one of his grievances was lost. He also alleges he asked a Unit Team Counselor named Mrs. Thompson what to do when his grievances were not being answered, and she advised him to address his complaints to the Governor. He then sent a grievance to the Governor, which he alleges was illegally re-routed to the Secretary of Corrections[3]. These allegations do not involve any acts by the named defendants, and do not suggest any federal constitutional violation.

Plaintiff does not describe any grievance by date and content, name the staff member to whom he properly submitted it, and state how long he waited with no response[4]. Nor does he explain why he did not consider the lack of a response a denial and proceed to the

_____

tasks required to stay in the SOTP, and requesting a transfer to LCF. The grievance was denied by unit team member Petrie. Mitchner appealed the denial to the warden, who affirmed, and to the Kansas Secretary of Corrections (SOC), who also affirmed on June 6, 2005. Both courts found Mr. Mitchner's 1501 petition was not timely because it was not filed "within thirty days from the date the (SOC) action was final." Plaintiff's own exhibits thus show he received responses to this grievance, and his state action was dismissed due to his failure to file it within the statutory time limit rather than defendants' refusal to respond to his grievances.

[3]

The court is aware of nothing illegal about the Governor's Office referring a complaint involving a state prisoner to the Secretary of Corrections, who may in turn require that the inmate follow proper grievance procedures.

[4]

A state prisoner must carefully follow the steps for filing prison administrative grievances in the sequence prescribed in the institution's regulations in order to have "properly" sought administrative relief. See Woodford v. Ngo, 126 S.Ct. 2378 (June 22, 2006).

next level, or properly file another grievance based upon the particular staff member's failure to respond. Plaintiff's allegations that his attempts to file administrative grievances have been impeded are conclusory and insufficient to assess liability for money damages against the named defendants.

**DENIAL OF ACCESS TO COURTS**

As noted, plaintiff generally claims KDOC staff has attempted to block his access to the courts. However, he does not allege sufficient facts to state a denial of access claim. He alleges some of his legal documents were "somehow misplaced" while he was in the hospital and infirmary with pneumonia; and that he asked defendant Brungardt to help him but "she refused." However, plaintiff does not allege the dates or location of the loss of his legal documents, how any named defendant was directly involved in the alleged loss, what documents were lost, what he asked defendant Brungardt to help him with, or most significantly, how any court action in which he was involved was actually impeded.

To state a claim of unconstitutional denial of access to the courts, a civil rights litigant must describe how a lawsuit involving him was negatively impacted by a defendant's action or inaction. As noted, plaintiff exhibits a habeas action he filed in state court, but he does not allege the action was impeded by his loss of specific legal documents. He alleges he was impaired in filing a brief because the law library was being remodeled at NCF for three months, even though he also alleges that during this period he worked at the library and did not have access "at times." Plaintiff does not explain how the lack of materials prevented him

from filing his brief in state court.  Nor does he allege what
arguments or evidence he was unable to present to a court, or what
legal materials he needed but was unable to acquire from the
library.  He states only that his brief looked like he was in a big
hurry.  Plaintiff also does not allege that he asked for, but was
denied, an extension of time for filing his brief based on the law
library being inaccessible.  On the other hand, he alleges he was
given the opportunity by the court and "did correct all of the
deficiencies" he needed to correct in his action in Norton County
District Court.

## LOSS OF GOOD TIME

Plaintiff generally alleges defendant Brungardt "caused" him to
lose some of his already earned good-time credit, which in turn,
caused him to stay in prison longer than his "original out date."
He also claims he did not receive good-time credit that other
inmates received who were allowed to attend and complete the SOTP.
These claims are conclusory.  Plaintiff does not describe any
disciplinary report, including date and content, that resulted in
loss of his earned good time credit.  Nor does he specify the amount
of good time forfeited and the different calculations of his release
date.

Moreover, claims that a state prisoner is entitled to
restoration of or additional good-time credit and is being held
beyond his release date are challenges to the execution of his state
sentence.  Such claims seeking earlier or immediate release must be
raised in federal court in a petition for writ of habeas corpus
filed pursuant to 28 U.S.C. § 2241, and not a civil rights

complaint.  A federal court may consider a § 2241 petition only after all remedies available in the state courts have been fully exhausted[5].  Plaintiff does not state any facts indicating he has challenged the loss or denial of good time credit or the calculation of his state sentence in the state courts.

## WRONGFUL TERMINATION FROM PROGRAMS

Plaintiff claims he was wrongfully terminated from the SOTP at NCF and the GED program at HCF without disciplinary hearings.  He does not name the defendant who ordered his termination from the GED program, or provide the date and reasons given for the administrative action.  Nor does he suggest any authority or argument for finding that he may not be terminated from such programs without a disciplinary hearing.  Cf., Searcy v. Simmons, 299 F.3d 1220, 1227 (10th Cir. 2002)(Inmate's lost privileges and lost opportunity to earn future good time credits are quite simply not the result of his refusal to incriminate himself, but are a consequence of his inability to complete rehabilitation the KDOC has determined is in the best interest for him and society.).  He generally alleges a denial of due process and equal protection.  However, he fails to describe what process was due that was denied, or how he was unfairly treated differently from similarly situated inmates.  In any event, decisions regarding placement and removal from prison rehabilitation programs are within the discretion of

---

[5]
        A state prisoner is generally barred from obtaining federal habeas relief unless he has properly presented his or her claims through one complete round of the State's established appellate review process.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

prison officials, and plaintiff does not allege facts indicating the decisions in his case were so arbitrary or capricious as to be unconstitutional.  Moreover, as previously noted herein, his claims of a loss of good time must be raised in a habeas corpus petition challenging execution of his sentence, and may be heard in federal court only after state court remedies have been fully exhausted[6].

Plaintiff's allegations regarding the SOTP, even taken as true, fail to state a claim of constitutional violation.  Plaintiff alleges his Fifth Amendment rights were violated in that, while his direct appeal was in progress, he was "coerced" into signing a program contract which could have caused him to incriminate himself.  However, he additionally alleges that defendant Medlock, his SOTP facilitator, terminated him from the SOTP and recommended that he not be allowed back into the program until his criminal appeal was over.  Plaintiff does not allege that he made incriminating statements in the SOTP which were used against him during criminal proceedings.  Nor does he allege any facts indicating that terminating him from the SOTP until his criminal appeal was final violated due process.

**EIGHTH AMENDMENT CLAIMS**

---

[6]

Plaintiff alleges he filed an "60-1501" action in Norton County District Court in 2005, which was dismissed as untimely.  His exhibits from this state case do not indicate that he raised his claims of entitlement to release or to additional good time credit. Even if he did raise those claims, their dismissal on procedural default grounds by the state courts would bar their consideration in federal court.

Plaintiff claims he was improperly transferred[7] and implies the transfers interfered with his medical treatment in violation of his Eighth Amendment rights. These claims are also conclusory. Mr. Mitchner alleges his health problems have included high blood pressure; sleep apnea; sinus, heart, and liver problems; double pneumonia; and ingrown toe-nails. He further alleges that doctors have given him "all kinds of medications," ordered "medical restrictions," and he has stayed in the Hays hospital and the Norton infirmary for these problems.

An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official does not act with deliberate indifference unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." * * * Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Id. at 105-106 (footnote omitted).

---

[7]

The transfer of a prisoner from one facility to another is a matter purely within the discretion of prison officials, and does evince the violation of a federal constitutional right.

Additionally, in situations where treatment was delayed rather than denied altogether, the Tenth Circuit Court of Appeals requires that the inmate suffer "substantial harm" as a result of the delay. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)(A delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm.); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).   It follows that plaintiff's complaints implying a delay in medical treatment resulting from interprison transfers, without allegations of significant injury, are not sufficient to state a claim of cruel and unusual punishment.

Moreover, plaintiff's allegations indicate he has received, rather than been denied, medical treatment.   A mere difference of opinion over the adequacy of medical treatment provided cannot provide the basis for an Eighth Amendment claim.   El'Amin v. Pearce, 750 F.2d 829 (10th Cir. 1984); Jones v. McCracken, 562 F.2d 22 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968).   As stated by the Tenth Circuit Court of Appeals:

> We need not decide whether denial of medical care to prisoners in reasonable need thereof is sufficient to sustain a claim under § 1983 because in the instant case the allegations of the complaint show that medical care has been furnished.   * * *   The prisoner's right is to medical care-not to the type or scope of medical care which he personally desires.

Coppinger, 398 F.2d at 394.   In sum, plaintiff does not allege sufficient facts showing the named defendants were deliberately indifferent to his serious medical needs, or that he has been denied medical treatment, or that his claim amounts to anything more than a temporary interruption in treatment during a transfer.

**VIOLATIONS OF STATE LAW**

Plaintiff cites several state statutes and state regulations and alleges they have been violated.  Violations of state law are not grounds for relief under 42 U.S.C. § 1983, which requires the violation of federal law or a federal constitutional right.

**STATUTE OF LIMITATIONS**

Plaintiff does not provide dates in his complaint with respect to the challenged handling of his grievances, transfers during medical treatment, or his termination from programs.  Nevertheless, it appears from materials attached by him to his complaint that his claims are barred by the applicable statute of limitations.   The statute of limitations for § 1983 actions brought in Kansas is two years from the time the cause of action accrued.   See Johnson v. Johnson County Com'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Plaintiff's exhibits[8] plainly indicate that the transfers he complains of occurred in September and October of either 2003 or 2004.  His exhibits also indicate that his stay in the hospital with pneumonia at which time he claims his legal documents were misplaced was in 2004.   The exhibits also suggest that his problems in the SOTP and with grievances occurred over two years before this civil rights action was commenced in federal court.

For all the foregoing reasons, the court finds the complaint is subject to being dismissed.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30)

---

[8] Plaintiff's exhibits containing dates are the copy of his Petition for Review filed in state court and the partial copy of the opinion of the Kansas Court of Appeals discussed earlier herein.

days in which to submit a certified copy of his inmate account for the six months preceding the filing of his complaint, and in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge